

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN  
~~XXXXXXXXXXXXXXXXXXXXXXXXXXX~~  
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable W. Lee O'Daniel  
Governor of The State of Texas  
Austin, Texas

Dear Governor O'Daniel:

Opinion No. O-2627  
Re: Grant of easement by State  
to United States Government  
in land underlying navigable  
waters.

You have requested the opinion of this department upon the question of whether or not the State of Texas can legally grant to the United States Government an easement in certain land situated in Oso Bay, a navigable bay located in Nueces County, Texas. The easement is desired by the United States Government to provide a spoil area necessary for and incident to the construction and maintenance of a channel to end a turning basis at Encinal Peninsula on which peninsula a United States naval aviation base is now being constructed.

It is settled that the sale of an easement in land is a sale of land. Settegast v. Foley Bros. Dry Goods Co., 114 Tex. 452, 270 S.W. 214.

Section 4 of Article 7 of the Constitution of Texas provides:

"The lands herein set apart to the Public Free School Fund shall be sold under such regulations, at such times, and on such terms as may be prescribed by law; and the Legislature shall not have power to grant any relief to purchasers thereof. The Comptroller shall invest the proceeds of such sales, and of those heretofore made, as may be directed by the Board of Education herein provided for, in the bonds of the United States, the State of Texas, or counties in said State, or in such other securities, and under such restrictions as may be prescribed by law; and the State shall be responsible for all investments."

In order to determine the applicability of the above cited constitutional restrictions which limit and regulate the sale of land set apart to the Public Free School Fund, it is necessary, first, to determine whether or not lands lying under navigable waters (such as the area in question) are included within the lands which have been dedicated and set apart by the Constitution and by statute to the Public Free School Fund.

In State v. Bradford, 121 Tex. 515, 50 S.W. (2d) 1065, it was held that the beds of navigable rivers in Texas were not included within the land set apart and dedicated to the Public Free School Fund. That decision was largely based upon the reasoning that lands underlying

navigable waters in Texas are held in trust by the State for the free use and enjoyment of the public generally, and that specific and definite language is required to grant such areas either to an individual or to a specific fund. A similar rule was expressed by the Supreme Court in Landry v. Robinson, 110 Tex. 295, 219 S.W. 819. In view of the above cited decisions of the Supreme Court of this State, together with many others of similar import, we are compelled to hold that lands underlying navigable waters of this state have not been dedicated to the Public Free School Fund and that the provisions of Section 4 of Article 7 of the Constitution are, therefore, not applicable to land underlying the navigable waters of Oso Bay.

We have also examined Section 34 of Article 16 of the Texas Constitution which provides:

"The Legislature shall pass laws authorizing the Governor to lease, or sell to the Government of the United States, a sufficient quantity of the public domain of the State necessary for the erection of forts, barracks, arsenals, and military stations, or camps, and for other needful military purposes; and the action of the Governor therein shall be subject to the approval of the Legislature."

In conformity with the decisions and the reasoning in the above cited cases, we are also compelled to hold that Section 34 of Article 16 does not apply to lands underlying a navigable bay since no specific or definite language is found in Section 34, Article 16, providing for the inclusion of such areas.

We have found no other provision of the Constitution, which within reason, could be held to restrict or limit the power of the Legislature to authorize the sale of the easement of the land in question. It has, in fact, been held by the Supreme Court of Texas that land underlying navigable waters can be legally granted by the Legislature. City of Galveston v. Menard, 23 Tex. 349.

The sole remaining question is whether or not the Legislature has authorized the sale of the land in question to the United States Government.

Articles 5242 and 5245 of the Revised Civil Statutes, 1925, provide as follows:

"Article 5242. The United States Government, through its proper agent, may purchase, acquire, hold, own, occupy and possess such lands within the limits of this State as it deems expedient and may seek to occupy and hold as sites on which to erect and maintain light houses, dock yards, custom houses, post offices and all other needful public buildings, and for the purpose of erecting and constructing locks and dams, for the straightening of streams by making cutoffs, building levees, or for the erection of any other structures or improvements that may become necessary in developing or improving the waterways, rivers and harbors of Texas and the consent of the Legislature is hereby expressly given to any such purchase or acquisition made in accordance with the provisions of this law."

"Article 5245. When this State may be the owner of any land desired by the United States for any purpose specified in this title, the Governor may sell such land to the United States, and upon payment of the purchase money therefor into the Treasury, the Land Commissioner, upon the order of the Governor, shall issue a patent to the United States for such land in like manner as other patents are issued."

The quoted statutes, in our opinion, furnish the requisite statutory authority to enable the Governor to sell the land in question on behalf of the State. It is apparent from the language of Article 5242 that the Legislature definitely had in mind and plainly intended to include within the lands which it authorized the Governor to sell, in Article 5245, those lands underlying the navigable waters of this State. This is clear from the wor ding of Article 5245 which expressly mentions and makes provision for the purchase of land by the United States Government to be used in the erection of "dock yards," "locks and dams" and the "straightening of streams by making cutoffs, building levees, and for the erection of any other structures or improvements that may become necessary in developing or improving the waterways, rivers and harbours of Texas . . ."

It is also our opinion that the Legislature in enacting the above cited statutes intended and contemplated that the Governor, in selling the land on behalf of the State, should sell the same for its real value to be determined by the Governor. Article 5245 further provides that upon sale of the land by the Governor and upon payment of the purchase money therefor into the Treasury, a patent shall issue to the United States for such land in like manner as other patents are issued.

In view of the opinion herein expressed that you are authorized to sell an easement in the land in question, it is possible that answers to additional questions propounded in your letter will become unnecessary. However, in the event you are unable to agree with the authorized agent of the Federal Government upon the purchase price for the easement, we call your attention to the fact that Articles 5243 and 5244 expressly authorize and provide for the institution of condemnation proceedings for the acquisition of such land.

It has been expressly held in a number of decisions that statutes providing for condemnation proceedings are applicable to State owned lands. Texas Central Ry. Co. v. Bowman, 98 Tex. 417, 79 S.W. 295. Imperial Irrigation Co. v. Jayne, 104 Tex. 395, 157 S.W. 751. Kohl v. United States, 91 U.S. 367, 23 L. Ed. 449.

The conclusions herein expressed are in accord with prior rulings of this department as shown by Conference Opinion No. 2815, dated September 23, 1930, recorded in the Opinions of the Attorney General, Vol. 64, p. 15. A copy of that opinion, which we expressly approve, is hereto attached.

We trust that the foregoing fully answers your inquiries.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Robert E. Kepke

Robert E. Kepke
Assistant

REK:BT:egw

APPROVED NOV 23, 1940
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B W B
Chairman